UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION


| TIMOTHY ROY BOZZA | ] | |
| Petitioner, | ] | |
| | ] | |
| v. | ] | No. 3:15-1275 |
| | ] | Judge Trauger |
| TAMMY FORD, Warden | ] | |
| Respondent. | ] | |


# **M E M O R A N D U M**

The petitioner, proceeding *pro se*, is an inmate at the Whiteville Correctional Facility in Whiteville, Tennessee. He brings this action pursuant to 28 U.S.C. § 2254 against Tammy Ford, Warden of the prison, seeking a writ of habeas corpus.

In 2014, a jury in Davidson County found the petitioner guilty of first degree murder. For this crime, he received a sentence of life imprisonment without the possibility of parole. On direct appeal, the Tennessee Court of Criminal Appeals affirmed the conviction. Docket Entry No. 1 at pg. 3. The Tennessee Supreme Court later denied the petitioner's application for further direct review. *Id.*

On November 19, 2015, the petitioner filed the instant petition (Docket Entry No. 1) for writ of habeas corpus. In the petition, he sets forth four claims for relief. These claims include :

        1)     the evidence was not sufficient to support a murder conviction;

        2)     the petitioner was denied the effective assistance of counsel;

1

> 3) the petitioner's sentence was excessive; and
>
> 4) the petitioner was convicted without notice, i.e., there was no indictment issued in this case.

Upon its receipt, the Court examined the petition and determined that it was not facially frivolous. Accordingly, an order (Docket Entry No. 7) was entered directing the respondent to file an answer, plead or otherwise respond to the petition. Rule 4, Rules – § 2254 Cases.

Presently pending before the Court is respondent's Motion to Dismiss (Docket Entry No. 17), to which the petitioner has offered no reply.

The respondent asserts that this action is subject to dismissal because the petitioner has not yet fully exhausted his state court remedies for each and every claim in his petition.

A federal district court will not entertain a petition for writ of habeas corpus unless the petitioner has first exhausted all available state court remedies for each claim in his petition. Cohen v. Tate, 779 F.2d 1181, 1184 (6th Cir.1985). While exhaustion is not a jurisdictional requirement, it is a strictly enforced doctrine which promotes comity between the states and federal government by giving the state an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights. Granberry v. Greer, 107 S.Ct. 1671, 1674-1675 (1987). Thus, as a condition precedent to seeking federal habeas corpus relief, the petitioner is required to fairly present his claims to the state courts. Picard v. Connor, 404 U.S. 270, 275 (1971). A claim has been fairly presented when the petitioner has raised both the factual and legal basis for his claim in the state courts. Fulcher v. Motley, 444 F.3d 791, 798 (6th Cir. 2006). Once his federal claims have been raised in the highest state court available, the exhaustion requirement is satisfied, even if that court refused to consider

the claims. Wilson v. Mitchell, 498 F.3d 491, 498-99 (6th Cir. 2007).[1]

According to the petition, the petitioner's insufficiency of the evidence claim (Claim No. 1) was fully exhausted on direct appeal of the conviction. Docket Entry No. 1 at pg. 3. However, petitioner's remaining claims (Claim Nos. 2-4) have never been raised in the state courts for review. *Id.* at pgs. 7-10. These unexhausted claims, though, can still be timely adjudicated in the state courts pursuant to post-conviction procedures available to the petitioner. Tenn. Code Ann. § 40-30-102(a)(a petition for post-conviction relief must be filed "within one year of the date of the final action of the highest state appellate court to which an appeal is taken").[2] As a consequence, the respondent correctly notes that the petitioner has failed to fully exhaust all of his claims prior to filing the instant action.

In his petition, the petitioner asserts that "there is an absence of available state corrective process and/or circumstances exist that render the state process ineffective to protect the petitioner's rights." Docket Entry No. 1 at pg. 7. An exception to the exhaustion requirement does exist if there is no opportunity to obtain redress in the state courts or if the corrective process is so clearly deficient as to render futile any further effort to obtain relief. Duckworth v. Serrano, 454 U.S. 1,3 (1981). The petitioner does not explain, however, in what way the post-conviction procedures made available to him by state law are ineffective or futile.

A federal district court is obliged to dismiss a habeas corpus petition containing both

---

[1] In Tennessee, a petitioner need only take his claims to the Tennessee Court of Criminal Appeals in order to fully exhaust his available state court remedies. Rule 39, Tenn. Sup. Ct. Rules; Adams v. Holland, 324 F.3d 838 (6th Cir. 2003).

[2] The Tennessee Supreme Court denied petitioner's application for additional review on June 15, 2015. Docket Entry No. 1 at pg. 3.

3

exhausted and unexhausted claims. Rose v. Lundy, 455 U.S. 509, 522 (1982). Such is the case here. Accordingly, an appropriate order will be entered granting the respondent's Motion and dismissing the petition without prejudice to petitioner's right to pursue any state court remedies that might be available to him. Rule 8, Rules --- § 2254 Cases.

_____
Aleta A. Trauger
United States District Judge